# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SOFTWAVE TISSUE REGENERATION TECHNOLOGIES, LLC )<br><br>Plaintiff, )<br><br>vs. )<br><br>THOMAS KOSTOPOULOS and KOSTOPOULOS INVESTMENT HOLDINGS, LLC d/b/a/ SCALE MARKETING AND CONSULTING, )<br><br>Defendants. ) | Civil Action File No.<br>_____<br><br>**Jury Trial Demanded** |

# COMPLAINT

COMES NOW Plaintiff Softwave Tissue Regeneration Technologies, LLC ("SoftwaveTRT") and files this Complaint against Defendants Thomas Kostopoulos ("Kostopoulos") and Kostopoulos Investment Holdings, LLC d/b/a Scale Marketing and Consulting ("Scale") and shows the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff SoftwaveTRT is a Georgia Limited Liability Corporation.

2. SoftwaveTRT is the registrant ("Registrant") of the Softwave ® Marks and duly authorized to license their use to others.

3. Defendant Thomas Kostopoulos is a resident of the state of Massachusetts.

4. Defendant Kostopoulos Investment Holdings, LLC ("KIH") is a Delaware Limited Liability Company with its principal place of business in Massachusetts. KIH operates many businesses using various names, including but not limited to Scale Marketing and Consulting ("Scale").

5. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 based on Federal Question jurisdiction arising under the Lanham Act, 15 U.S.C. § 1111 *et seq*.

6. This Court has personal jurisdiction over Defendant Kostopoulos because he transacts business within this district, has engaged in acts or omissions within this district causing injury to Plaintiff, and has otherwise made or established contacts with this district sufficient to permit the exercise of personal jurisdiction.

7. This Court has personal jurisdiction over Defendant KIH because it transacts business within this district, has engaged in acts or omissions within this district causing injury to Plaintiff, and has otherwise made or established contacts with this district sufficient to permit the exercise of personal jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district

## Facts Common to All Causes of Action

9. SoftwaveTRT has used the Softwave® trademark since at least 2011 in connection with its soft tissue therapy business, which utilizes acoustic wave technology.

10. Part of the Plaintiff's business model is licensing the use of that technology, along with the trademarks, to chiropractors.

11. Defendant Kostopoulos was at one time a business associate of non-party Matthew DiDuro with limited rights to use the Softwave ® trademarks through their business venture. Among other things, they sold SoftwaveTRT acoustic shockwave devices to chiropractors for use in their practices sold by Plaintiff.

12. Sometime in the spring of 2022, Defendants decided to market their own knockoff acoustic shockwave devices. In doing so, Defendants continued to use the Softwave® trademark and continues to use the Softwave® trademark today.

13. Plaintiff has invested significant time and resources into developing the Softwave® concept, marks, products and business model.

14. Based on exclusive use, as well as substantial advertising, promotion, and sales of shockwave devices under the Softwave® Mark, Plaintiff's trademarks are strong and well-known, particularly among the chiropractors they market to.

15. In addition to its substantial common law rights, SoftwaveTRT owns Federal Trademark Registration No. 4,388,328 for the Word Mark Softwave®. A

true and accurate copy of the registration certificate is attached hereto as Exhibit A. The registration issued on August 20, 2013; that is, well before the infringement at issue in this Complaint. The registration is a "Standard Character Mark," meaning that the registration is not limited to a particular font or script ("Word Mark"). As the registration reflects, the Softwave® Mark has been in continuous use since May of 2011.

16. The registration of the Softwave® mark constitutes prima facie evidence of Plaintiff's exclusive right to use the mark in connection with the services specified therein.

17. On or about August 25, 2021, SoftwaveTRT executed a marketing agreement ("Agreement") with Defendant KIH d/b/a Scale to promote, advertise and sell shockwave devices. A true and accurate copy of the Agreement is attached as Exhibit B.

18. According to the Agreement, Defendant KIH was obligated to develop sales strategies and perform advertising and marketing for SoftwaveTRT. Part of this business relationship necessarily entailed granting KIH a limited ability to use the Softwave® Marks in advertising and marketing materials.

19. On March 24, 2022 SoftwaveTRT terminated the Agreement.

20. Since the Agreement was terminated, Defendants have continued to use the Softwave® Marks in marketing and advertising materials for their own competing business interests.

21. At some point after March of 2022, Defendant Kostopoulos registered the electronic URL <www.softwave-therapy.com> ("The Infringing Domain Name") and began operating a website thereon ("The Infringing Website").

22. Defendants intentionally and willfully created confusion in the marketplace when they registered the Infringing Domain Name and operated the Infringing Website.

23. Moreover, the Infringing Domain Name is confusingly similar to the electronic URL owned by Plaintiff <www.softwavetrt.com> because each URL contains Plaintiff's Mark "Softwave."

24. The content of the Infringing Website is also confusingly similar to that of Plaintiff's' licensed website. Both websites prominently display the Softwave® mark, and a business partner of Plaintiff, Dr. Matt DiDuro, is featured in a video on the Infringing Website discussing the benefits of acoustic wave therapy technology. A true and accurate copy of each party's website showing the Softwave® logo is attached as Exhibit D.

25. Defendant Kostopoulos's registration of the Infringing Domain Name is an attempt to divert internet users who seek to visit Plaintiff's <www.softwavetrt.com> website but fail to notice the subtle change.

26. Defendants intentionally sought to cause confusion and trade on Plaintiff's good will in its Softwave® Marks in order to reap undeserved profits.

27. Defendants' use of a mark that is confusingly similar to Plaintiff's Marks and Defendants' unauthorized use of Plaintiff's' Marks is deceiving the public, causing irreparable harm and damage to Plaintiff, and unlawfully generating income for Defendants.

28. Despite the Agreement having been previously terminated by Plaintiff, Defendants have continued to use the Softwave® Marks on the Infringing Website, as well as in their own marketing and advertising materials without authorization. Defendants' continued use of the Softwave® Marks without Plaintiff's consent causes customer confusion and the Goodwill associated with the Softwave® Marks.

## COUNT I
## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

29. Plaintiff restates and incorporates by reference the allegations contained in the preceding Paragraphs as if set forth fully herein.

30. Defendants' website <www.softwave-therapy.com> contains confusingly similar imitations of Plaintiff's registered Softwave® Marks because it utilizes Plaintiff's word mark numerous times.

31. Said unauthorized use has caused confusion, deception, and mistake by creating the false and misleading impression that Defendants' businesses and services are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff, all in violation of 15 U.S.C. § 1114.

32. Defendants' unauthorized use of confusingly similar imitations of Plaintiff's registered Softwave® Marks, notwithstanding Defendants' actual knowledge of Plaintiff's ownership of the Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of Plaintiff's Softwave® Marks and a bad faith intent to cause confusion, deception, and mistake in the minds of Plaintiff's customers and potential customers to the great and irreparable injury of Plaintiff and their duly authorized licensees and franchisees. Defendants have been unjustly enriched thereby.

33. Because Defendants' infringing conduct is causing and is likely to cause substantial injury to the public, the Plaintiff and the duly authorized licensees, Plaintiff are entitled to injunctive relief, and to recover Defendants' trebled profits, their costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION

34. Plaintiff repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if set forth fully herein.

35. Defendants' use of confusingly similar imitations of Plaintiff's Softwave® Marks on the Infringing Website is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' businesses are affiliated, connected, or associated with Plaintiff's or has the sponsorship, endorsement, or approval of SoftwaveTRT, in violation of 15 U.S.C. § 1125(a).

36. Defendants' unauthorized use of confusingly similar imitations of Plaintiff's electronic URL address, <www.softwavetrt.com>, has caused confusion, deception, and mistake by creating the false and misleading impression that Defendants' online business located online at <www.softwave-therapy.com> is affiliated, connected, or associated with SoftwaveTRT or has the sponsorship, endorsement, or approval of SoftwaveTRT, in violation of 15 U.S.C. § 1125(a).

37. Defendants' actions have misrepresented the nature, characteristic, quality, or geographic origin of its goods by virtue of telling people that what Defendants are selling is Plaintiff's acoustic wave therapy technology.

38. Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on Plaintiff's goodwill and to cause confusion, deception, and mistake in the minds of Plaintiff's customers and potential customers by implying a nonexistent affiliation or relationship between Defendants and SoftwaveTRT to the great and irreparable injury of SoftwaveTRT.

39. Because Defendants' unfair competition caused substantial injury to the public and to SoftwaveTRT, SoftwaveTRT is entitled to injunctive relief, and to recover Defendants' trebled profits, Plaintiff's costs, and Plaintiff's reasonable attorney's fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT III
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

40. Plaintiff repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if set forth fully herein.

41. By registering and using the Infringing Domain Name, Defendants have registered, trafficked in, and used a domain name that is confusingly similar to Plaintiff's Softwave® Marks.

42. Defendants registered the Infringing Domain Name and have used it with the intent to divert consumers from Plaintiff's online location to websites accessible under a domain name that could harm the goodwill represented by Plaintiff's Softwave® Marks. Defendants registered the Infringing Domain Name with the bad faith intent to profit by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the website.

43. Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

44. Defendants' unauthorized registration and use of the Infringing Domain Name have caused, and unless preliminarily and permanently enjoined, will continue to cause irreparable injury to SoftwaveTRT and to the goodwill associated with Plaintiff's Softwave® Marks.

45. Because Defendants' infringing conduct caused substantial injury to the public and to Plaintiff, Plaintiff is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or Defendants' trebled profits, together with Plaintiff's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT IV
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

46. Plaintiff repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if set forth fully herein.

47. Defendants have used confusingly similar imitations of Plaintiff's Softwave® Mark with full knowledge of Plaintiff's rights to those marks and with the willful and calculated purpose of trading upon Plaintiff's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by SoftwaveTRT, for the purpose of misleading and deceiving the public.

48. Defendants have used confusingly similar imitations of Plaintiff's electronic URL address, <www.softwavetrt.com>, with full knowledge of Plaintiff's rights to that address, and with the willful and calculated purpose of trading upon Plaintiff's established goodwill and business reputation, and in a manner calculated

to imply false sponsorship of or approval by SoftwaveTRT, for the purpose of misleading and deceiving the public.

49. Defendants' conduct constitutes infringement of Plaintiff's common law rights to the Softwave® Marks and has damaged and will continue to damage irreparably Plaintiff's goodwill and reputation unless restrained by this Court.

50. Independent of their liability for common law infringement, Defendants also engaged in unfair competition under the common law of Georgia and the other states in which they have engaged in their activities through their attempted reliance on consumer mistakes and confusion, and their deliberate efforts to poach upon Plaintiff's goodwill.

51. Plaintiff has no adequate remedy at law for remedying Defendants' conduct.

## COUNT V
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

52. Plaintiff repeats and incorporates by reference the allegations contained in the preceding Paragraphs as if set forth fully herein.

53. Defendants' unauthorized uses of the Softwave® Marks violates the Lanham Act, the Anticybersquatting Consumer Protection Act, and the common law.

54. The damages and injuries caused to Plaintiff by the foregoing constitute damages and injuries which are ongoing for which there is not an adequate remedy at law.

55. By reason of the foregoing, Plaintiff are entitled to: (a) a preliminary injunction; and (b) a permanent injunction requiring Defendants: (i) to immediately cease and desist from any further use of the Softwave® Marks; (ii) to destroy, obscure, or remove all Softwave® paraphernalia, signage, and marketing materials; (iii) to remove all uses of or references to the Softwave® Marks on any web page or social media website; and (iv) to discontinue their use of and to terminate the <www.softwave-therapy.com> website.

## DEMAND FOR JURY TRIAL

56. Plaintiff demands trial by struck jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays:

1. That process be issued and Defendants be served with Summons and a copy of this Complaint;

2. That Defendants, their partners, agents, employees, and all persons in active concert or participation with Defendants, be permanently enjoined and restrained from:

(a) using in the United States the <www.softwave-therapy.com> domain name and any trademark, company name, domain name, or other designator that is confusingly similar to Plaintiff's Softwave® Marks;

(b) passing off to the public in the United States that Defendants' businesses, products, or services are those of or originate with Plaintiff;

(c) engaging in any other conduct in or affecting commerce in the United States which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' business, products, or services with or by Plaintiff;

(d) otherwise infringing upon Plaintiff's Softwave® Marks or unfairly competing with Plaintiff or their duly authorized licensees and franchisees in any manner whatsoever; and

3. That Defendants be required to remove all uses of or references to the Softwave® Marks on any web page or social media website and to discontinue their use of and to terminate the <www.softwave-therapy.com> website.

4. That an accounting be ordered and judgment be rendered against Defendants for all profits received from the sale, rental, or provision of products or services in the United States in connection with, or advertised or promoted in any

manner with the infringing <www.citrusolutionatlanta.com> domain name and any other confusingly similar imitations of Plaintiff's Softwave® Mark.

5. That the award of profits resulting from Defendants' infringement, unfair competition, false designation of origin of products and services, and false advertising be trebled.

6. That Plaintiff recover their actual damages.

7. That the award of actual damages from Defendants' infringement, unfair competition, and false designation of origin of products and services be trebled.

8. That Plaintiff recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000 per infringing domain name.

9. That Defendants be required to deliver up for destruction all advertising and promotional materials, shirts, hats, uniforms, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type that Defendants use for promotion and sale in the United States, including the plates, molds, or other means of producing the materials, which bear references to Plaintiff's Softwave® Marks, confusingly similar imitations of Plaintiff's Softwave® Marks, or to the <www.softwave-therapy.com> domain name.

10. That Defendants be required to remove any and all marks, logos or other graphic materials from their vehicles, tools and other equipment of any type that

Defendants use in any way, shape or form in the United States, which bear references to Plaintiff's Softwave® Marks, confusingly similar imitations of Plaintiff's Softwave® Mark, or to the <www.softwave-therapy.com> domain name.

11. That Defendants be directed to file with the Court and serve on SoftwaveTRT, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

12. That this Court enters a declaratory judgment that Plaintiff terminated the Agreement or, in the alternative, that this Court enters a declaratory judgment that Plaintiff and no other individual or entity has the right to exercise quality control over the Softwave® Marks.

13. That this Court declares the Softwave® Marks to be valid.

14. That Plaintiff be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

15. That SoftwaveTRT be awarded such other and further relief as the Court may deem just and proper.

This 23rd day of August, 2022.

|  |  |
|---|---|
| COCHRAN & EDWARDS, LLC<br>2950 Atlanta Road SE<br>Smyrna, Georgia 30080-3655<br>(770) 435-2131<br>(770) 436-6877 (*fax*)<br>randy@cochranedwardslaw.com<br>eric@cochranedwardslaw.com | *s/Randy Edwards*<br>R. Randy Edwards<br>Georgia Bar No. 241525<br>Eric Logan<br>Georgia Bar No. 259421<br><br><br>*Attorneys for Plaintiff*<br>*Softwave Tissue Regeneration*<br>*Technologies, LLC.* |

## LOCAL RULE 7.1D CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s/Randy Edwards
Randy Edwards
Georgia Bar No. 241525